Jeffrey C. Block, *pro hac vice to be filed*
Jacob A. Walker (SBN 271217)
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

*Attorneys for Plaintiff Jeffrey Toole*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TOOLE, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:22-cv-01243 |
| Plaintiff, | **ADMINISTRATIVE MOTION TO STRIKE POMERANTZ LLP'S PSLRA NOTICE** |
| v. | |
| AFFIRM HOLDINGS, INC., and MAX LEVCHIN, | |
| Defendants. | |

Pursuant to Civil L.R. 7-11, Plaintiff Jeffrey Toole hereby moves to strike the April 1, 2022 notice[1] published by the law firm Pomerantz LLP pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Pomerantz's client, Matthew Whitcomb, filed a complaint in this District alleging Defendants Affirm Holdings, Inc. and Max Levchin[2] violated federal securities laws. *See Whitcomb v. Affirm Holdings, Inc.*, No. 3:22-cv-02099-RS (N.D. Cal.). The *Whitcomb* complaint, however, improperly purports to expand the scope and class period of this action, thus failing to restart the PSLRA's 60-day lead plaintiff deadline clock. *Whitcomb* took this action's short, three-hour class period and added 364 days and overwhelming unrelated theories of liability; Whitcomb also has no standing to assert Toole's claims. For these reasons, Pomerantz's April 1, 2022 notice should be stricken, and Whitcomb should be directed to republish new notice that starts an independent 60-day lead plaintiff deadline for the *Whitcomb* action.[3]

Plaintiff Toole filed this action on February 28, 2022, and—in accordance with the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)—his counsel caused notice to be published the same day. *See* ECF Nos. 8, 8-1. The deadline to file a motion seeking appointment as lead plaintiff in this action is April 29, 2022.

Toole seeks to represent a putative class of Affirm shareholders who "purchased or otherwise acquired Affirm securities on February 10, 2022 after the Company's Tweet concerning its second quarter financial results at approximately 1:15p.m." ECF No. 1, ¶24. The Tweet—which stated, "Another great quarter in the books [ ] as we accelerated our growth. Leveraging our superior technology & putting people first = increasing total # of transactions by 218%, active consumers by 150%, GMV by 115%, & revenue by 77%! Tune in today at 2pm PT . . ."— misleadingly represented that Affirm "had a highly successful quarter," caused Affirm's share price "to jump roughly 10% in intra-day trading." *Id.* ¶¶17-18. Affirm deleted the Tweet later the same day "and released its full second quarter 2022 financial results ahead of schedule," which

---

[1] Attached as Exhibit B.

[2] Michael Linford, who is not named as a defendant in this action, is also named as a defendant.

[3] Toole has concurrently filed for the same relief in the *Whitcomb* action.

were "far less impressive than investors were led to believe from the Tweet." *Id.* ¶19. "On news of the deleted tweet and subsequent release of the full earnings, Affirm's share price plummeted $24.89 per share from an intra-day high of $83.57 per share to close at $58.68 per share on February 10, 2022." *Id.* ¶22.

On April 1, 2022, Whitcomb filed a second securities class action against Affirm. The *Whitcomb* case, by contrast, purports to represent all persons who "purchased or otherwise acquired Affirm securities between February 12, 2021 and February 10, 2022, both dates inclusive." *Whitcomb,* No. 3:22-cv-02099-RS (ECF No. 1, ¶1). The gravamen of the *Whitcomb* allegations is that Affirm made false and misleading statements about the way Affirm conducted buy-now-pay-later ("BNPL") payment services, which subjected Affirm to a heightened risk of regulatory scrutiny and enforcement action. *Id.* ¶22-30, 32-38. The false and misleading nature of these statements is then alleged to have been revealed by news of an inquiry by the Consumer Financial Protection Bureau into Affirm's BNPL payment service. *Id.* ¶¶38-39. Allegations about the February 10, 2022 Tweet are appended as an unrelated afterthought. *Id.* ¶¶40-41, 43-46.

Whitcomb's wholesale alteration of Toole's allegations requires republication because he has "'dramatically alter[e]d the contours of the lawsuit'" and "substantially expanded the class period." *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2020 WL 1288362, at *2 (N.D. Cal. Mar. 18, 2020) (quoting *In re Leapfrog Enters., Inc. Sec. Litig.*, No. 03-Cv-05421-RMW, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005)). Indeed, in *Leapfrog*, the court found republication necessary where an amended complaint added "new allegations about [the defendant's] distribution and supply chain" to original "rosy statements about [the defendant's] financial outlook" and expanded the class period from six months to fifteen months. *Leapfrog*, 2005 WL 5327775, at *3. Here, Whitcomb has taken Toole's narrow, focused allegations about a false and misleading statement about financials in a short-lived Tweet and appended them to more expansive allegations about the risk of regulatory scrutiny targeting Affirm's BNPL payment services. Moreover, Whitcomb has expanded a several hour class period into a year-long class period. These changes "make it likely that individuals who could now be considered potential lead

plaintiffs would have disregarded the earlier notice" issued by Toole's counsel. *Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2019 WL 1472358, at *2 (N.D. Cal. Apr. 3, 2019). Whitcomb's attorneys are therefore required to republish PSLRA notice that properly affords the statutory 60-day period for plaintiffs to move for lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A).

Whitcomb's representation that his complaint is a minimal modification of Toole's allegations is even more problematic because Whitcomb lacks standing to pursue Toole's claims. Toole seeks to represent individuals who acted upon Affirm's February 10, 2022 Tweet. ECF No. 1, ¶24. Indeed, Toole purchased shares on February 10, 2022, after the 1:15 PM Tweet and before Affirm released full quarterly financials. ECF No. 1-1, at 2. Whitcomb, however, certified that his only class-period transactions were purchases made on October 25, 2021, October 27, 2021, and November 11, 2021. *Whitcomb*, No. 3:22-cv-02099-RS (ECF No. 1-2). Because Whitcomb did not act on the Tweet, he was not injured by it, and he therefore does not have standing to represent the putative class named in this action. *See, e.g.*, *In re Impax Labs., Inc. Sec. Litig.*, No. C 04-04802 JW, 2008 WL 1766943, at *7 (N.D. Cal. Apr. 17, 2008) ("Lead Plaintiff Local 655 has failed to demonstrate individual standing on the basis of its own injury in fact."). He cannot purport to modify allegations in a case that he cannot bring.

Given these circumstances, the April 1, 2022 notice issued by Pomerantz LLP appears to be nothing more than pure gamesmanship: an attempt to (1) shortchange other prospective plaintiffs in the longer class period by curtailing the PSLRA's 60-day notice period and (2) muddy Toole's separate, straightforward action. The Court should reject this deliberate attempt to circumvent the PSLRA's objective of "ensur[ing] that the best plaintiff … represent[s] the class." *Leapfrog*, 2005 WL 5327775, at *3. Plaintiff Toole therefore respectfully requests that Pomerantz's April 1, 2022 notice should be stricken, and Whitcomb be ordered to cause proper notice to issue under the PSLRA.[4]

---

[4] Toole reserves all rights to argue that the two cases should not be consolidated.

April 7, 2022                                Respectfully submitted,

                                            /s/ Jacob A. Walker
                                            Jeffrey C. Block, *pro hac vice to be filed*
                                            Jacob A. Walker (SBN 271217)
                                            **Block & Leviton LLP**
                                            260 Franklin Street, Suite 1860
                                            Boston, MA 02110
                                            jeff@blockleviton.com
                                            jake@blockleviton.com

                                            *Counsel for Plaintiff*