Jeffrey C. Block, *pro hac vice to be filed*
Jacob A. Walker (SBN 271217)
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com

*Attorneys for Plaintiff Jeffrey Toole*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY TOOLE, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:22-cv-01243 |
| Plaintiff, | **PROPOSED ORDER GRANTING ADMINISTRATIVE MOTION TO STRIKE POMERANTZ LLP'S PSLRA NOTICE** |
| v. | |
| AFFIRM HOLDINGS, INC., and MAX LEVCHIN, | |
| Defendants. | |

PROPOSED ORDER
CASE NO. 3:22-cv-01243

1

BEFORE THE COURT is Plaintiff Jeffrey Toole's Administrative Motion to Strike Pomerantz LLP's PSLRA Notice. The Motion seeks a court order (1) striking the PSLRA case-filed notice issued by Pomerantz on April 1, 2022 in conjunction with having filed a complaint in *Whitcomb v. Affirm Holdings, Inc.*, No. 3:22-cv-02099-RS (N.D. Cal.) and (2) directing Matthew Whitcomb to cause proper notice to issue under the PSLRA. Having considered the submissions of the parties, the record, and relevant law, the Court GRANTS Toole's Administrative Motion.

"Where changes to a securities class action complaint 'make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice,' courts in this district and elsewhere have ordered lead plaintiffs to republish notice under the PSLRA." *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2020 WL 1288362, at *2 (N.D. Cal. Mar. 18, 2020) (citation omitted). "Although 'courts typically disfavor republication when a complaint is amended,' an amended complaint with 'substantial alteration of the claims can tilt the balance' in favor of republication." *Id.* (quoting *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013). "Such an approach accords with the PSLRA's purpose of ensuring that absent class members and potential lead plaintiffs are aware of their rights." *Id.*

The PSLRA notice caused to be issued by the law firm Pomerantz LLP purports to be a minimal expansion of this case, maintaining the same April 29, 2022 deadline for filing lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A). However, a review of the complaints filed in this action and the *Whitcomb* action demonstrates that the *Whitcomb* complaint significantly enlarges the alleged class period and substantially alters the alleged theory of liability. Under the circumstances, the Court must conclude that these changes "make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice" issued by Toole's counsel. *Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2019 WL 1472358, at *2 (N.D. Cal. Apr. 3, 2019). The filings in both actions also make clear that Whitcomb lacks standing to assert the claims alleged by Toole because Whitcomb was not injured by the conduct at issue in this case; Whitcomb did not act on Defendants' allegedly misleading statements. *See In re Impax Labs., Inc. Sec. Litig.*, No. C 04-04802 JW, 2008 WL 1766943, at *7 (N.D. Cal. Apr.

17, 2008) ("Lead Plaintiff Local 655 has failed to demonstrate individual standing on the basis of its own injury in fact."). Accordingly, the April 1, 2022 PSLRA notice issued by Pomerantz improperly fails to notice an independent statutory 60-day period for plaintiffs to seek lead plaintiff appointment.

Plaintiff Jeffrey Toole's Administrative Motion is, therefore, GRANTED, Pomerantz's April 1, 2022 PSLRA notice associated with the *Whitcomb v. Affirm Holdings, Inc.*, No. 3:22-cv-02099-RS (N.D. Cal.) case is hereby STRICKEN, and Matthew Whitcomb is directed to republish notice under the PSLRA that properly announces a 60-day deadline for plaintiffs to seek appointment as lead plaintiff.

IT IS SO ORDERED.

Date: _____                          _____

Vince A. Chhabria
United States District Judge