**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Birgul Arslan*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TOOLE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFIRM HOLDINGS, INC., and MAX LEVCHIN,<br><br>Defendants. | Case No.: 3:22-cv-01243-VC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ARSLAN'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:  June 9, 2022<br>Time:  2:30 p.m.<br>Courtroom: 5-17th Floor<br>Judge:  Hon. Vince Chhabria |
| MATTHEW WHITCOMB, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFIRM HOLDINGS, INC., MAX LEVCHIN, and MICHAEL LINFORD,<br><br>Defendants. | Case No.: 3:22-cv-02099-RS |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ARSLAN'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on June 9, 2022 at 2:30 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Vince Chhabria at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 5 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1.      Consolidating the above-captioned actions (the "Actions");

2.      Appointing Birgul Arslan ("Movant") as Lead Plaintiff;

3.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

4.      Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of her motion for: (a) consolidation of the Actions; (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi & Korsinsky as Lead Counsel.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ANSLAR'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ...................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED ........................................................... 2

III.    STATEMENT OF FACTS ........................................................................................... 2

IV.     PROCEDURAL HISTORY .......................................................................................... 3

V.      ARGUMENT ................................................................................................................ 4

        A.      The Related Actions Should Be Consolidated .................................................. 4

        B.      Movant's Appointment as Lead Plaintiff Is Appropriate. ................................ 4

                1.      The Procedure Required by the PSLRA ............................................... 4

                        a.      Movant Is Willing to Serve as Class Representative. ............................ 5

                        b.      Movant Has the Largest Financial Interest in the Relief Sought by the Class. ............................ 6

                2.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ...................................................................... 6

                        a.      Movant's Claims Are Typical of the Claims of All Class Members. ...... 7

                        b.      Movant Will Adequately Represent the Class. ...................................... 8

        C.      Approval of Movant's Choice of Counsel Is Appropriate. .............................. 9

VI.     CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ..........................6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ..............................................................................................1, 6, 7

*In re Coinbase Global Securities Litigation*,
No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ........................................................9

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994) ..........................................................................................................8

*Daniels Family 2001 v. Las Vegas Sands Corp.*,
2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ......................................................................10

*Deinnocentis v. Dropbox, Inc.*,
2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)................................................................10

*In re Drexel Burnham Lambert Grp.*,
960 F.2d 285 (2d Cir. 1992)...........................................................................................................8

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................................................7

*Gen. Tel. Co. of the Southwest v. Falcon*,
457 U.S. 147 (1982).......................................................................................................................8

*Gold v. Lumber Liquidators, Inc.*,
323 F.R.D. 280 (N.D. Cal. 2017).....................................................................................................8

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ....................................................................................................7, 8

*Haung v. Acterna Corp.*,
220 F.R.D. 255 (D. Md. 2004)........................................................................................................7

*Hessefort v. Super Micro Computer, Inc*,
317 F.Supp.3d 1056 (N.D. Cal. 2018) ...........................................................................................7

*Hufnagle v. Rino Int'l Corp.*,
No. CV 10-8695-VBF-VBKx, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14,
2011) ..............................................................................................................................................4

*Johnson v. OCZ Tech. Grp.*,
2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ...............................................................1, 5

*In re LendingClub Sec. Litig.*,
282 F.Supp.3d 1171 (N.D. Cal. 2017) ............................................................................................8

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998)........................................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ANSLAR'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

*Nickerson v. American Electric Power Company, Inc., et al.*,
   No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) ................................................................10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................7

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993)...................................................................................................7

*Veal v. LendingClub Corporation*,
   2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ........................................................................7

*White Pine Invs. v. CVR Ref.*,
   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)..........................................................10

**Statutes**

15 U.S.C. § 78u-4 .................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................*passim*

v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ANSLAR'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

## I.   SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class actions (the "Actions")[1] brought on behalf of all investors who purchased or otherwise acquired Affirm Holdings, Inc. ("Affirm" or the "Company") securities between February 12, 2021 and February 10, 2022, both dates inclusive (the "Class Period")[2]. Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $145,236.06 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[3] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and

---

[1] The above-captioned actions pending in this Court are entitled *Toole v. Affirm Holdings, Inc., et al.,* C.A. No. 3:22-cv-01243 (N.D. Cal. Feb. 28, 2022) (the "*Toole* Action"), and *Whitcomb v. Affirm Holdings, Inc., et al.,* C.A. No. 3:22-cv-02099 (N.D. Cal. Apr. 1, 2022) (the "*Whitcomb* Action").

[2] The *Toole* Action defines the Class Period as February 10, 2022 after the Company sent a Tweet concerning its Second Quarter 2022 financial results at approximately 1:15 p.m. EST. The *Whitcomb* Action defines the Class Period as February 12, 2021 through February 10, 2022, both dates inclusive. Movant adopts the most-inclusive Class Period defined in the *Whitcomb* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

[3] Movant's certification identifying her transactions in Affirm, as required by the PSLRA, as well as a chart identifying her losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

adequately represent the interests of the Class.[4] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) the Actions be consolidated, (2) she be appointed Lead Plaintiff; and (3) her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.    Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

3.    Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

## III.    STATEMENT OF FACTS[5]

Affirm purports to be a "next generation platform for digital and mobile-first commerce." ¶ 2. The Company offers "buy now, pay later" or "BNPL" services to consumers through its platform. *Id.* Affirm represents itself "a more flexible and transparent alternative to credit cards." *Id.* Affirm also maintains an official Twitter account, through which it publishes statements—or "tweets"—including periodic financial results. *Whitcomb* ¶ 3.

On December 16, 2021, the Consumer Financial Protection Bureau (the "CFPB") announced that it had launched an inquiry into Affirm's BNPL payment service, along with four other companies offering BNPL. *Whitcomb* ¶ 5. The CFPB indicated that it was concerned about how BNPL leads to "accumulating debt, regulatory arbitrage, and data harvesting," and is seeking data on the risks and benefits of the products. *Id.* In a statement addressing BNPL services, the CFPB Director stated, "[t]he

---

[4] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period.

[5] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Toole* Complaint") filed in the *Toole* action. Citations to "*Whitcomb* ¶ __" are to paragraphs of the Class Action Complaint (the "*Whitcomb* Complaint") filed in the Whitcomb Action. The facts set forth in the *Toole* and *Whitcomb* Complaints are incorporated herein by reference.

2

consumer gets the product immediately but gets the debt immediately too." *Id.*

On this news, Affirm's stock price fell $11.74 per share, or 10.58%, to close at $99.24 per share on December 16, 2021. *Whitcomb* ¶ 6.

On February 10, 2022 at approximately 1:15 p.m., Affirm issued a Tweet from its official account in which the Company disclosed certain metrics from its second quarter 2022 financial results. ¶ 3. The Tweet, which was published prior to the Company's planned release of its financial results, portrayed a highly successful quarter, which included an increase in revenue of 77%. *Id.* This caused Affirm's share price to spike nearly 10% in intra-day trading. *Id.*

Indeed, the Company deleted the Tweet and released its full second quarter financial results ahead of schedule. ¶ 5. The full financial results were lackluster – with the Company posting a loss of $0.57 per share, compared with analyst expectations of $0.37 per share. *Id.*

In response to this news, Affirm's share price declined from an intra-day high of $83.57 per share on February 10, 2022, to close at approximately 32%, or $58.68 per share. ¶ 6.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *Whitcomb* ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Affirm's BNPL service facilitated excessive consumer debt, regulatory arbitrage, and data harvesting; (ii) the foregoing subjected Affirm to a heightened risk of regulatory scrutiny and enforcement action; (iii) Affirm maintained inadequate disclosure controls and procedures and internal control over financial reporting; (iv) accordingly, Affirm's tweet for its second quarter 2022 financial results contained selected metrics that made it appear that the Company had performed better than it actually did; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

## IV.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Toole* Action against the Defendants. Plaintiff Jeffrey Toole ("Toole") commenced the first-filed action of February 28, 2022. On that same day, counsel acting on Toole's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ANSLAR'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

On April 1, 2022, a substantially similar action was filed against Affirm in this Court, entitled *Whitcomb v. Affirm Holdings, Inc., et al.,* C.A. No. 3:22-cv-02099 (N.D. Cal. Apr. 1, 2022) (the "*Whitcomb* Action"). Movant has requested consolidation of the *Toole* and *Whitcomb* Actions.

## V.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before addressing the lead plaintiff/lead counsel issues. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a).

The Actions pending before this Court are suited for consolidation. The class action complaints are all brought by purchasers of Affirm securities. The complaints allege nearly identical class periods and contain nearly identical allegations charging Defendants with making false and misleading statements concerning Affirm's second quarter financial results.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF-VBKx, 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and nearly identical Defendants, warrant consolidation of the Actions.

### B.     Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1.     The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ANSLAR'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against her. Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a.    Movant Is Willing to Serve as Class Representative.

On February 28, 2022, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Affirm and the Individual Defendants, and which advised putative

Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[6]

Movant has reviewed the complaint filed in the pending Actions and has timely filed her motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Affirm shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $145,236.06 under a LIFO and *Dura* LIFO analysis. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of her knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are

---

[6] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ANSLAR'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as Lead Plaintiff.

### a.      Movant's Claims Are Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because her claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law

or fact. *See In re LendingClub Sec. Litig.*, 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon*, 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Affirm securities during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover are similar to those of other Class members and her losses result from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.    Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial loss she suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit her choice to the Court for approval pursuant to 15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ANSLAR'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL

U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for five years. She resides in Succasunna, New Jersey, and possesses a high school diploma. Movant is currently employed as a marketing support manager for Bank of America. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of her motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Actions as a result of the defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

## C.    Approval of Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914 at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D.

9

Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: April 29, 2022                                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Birgul Anslar and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIRGUL ANSLAR'S MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL