ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TOOLE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>AFFIRM HOLDINGS, INC., et al.,<br><br>        Defendants. | Case No. 3:22-cv-01243-VC<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:  June 9, 2022<br>TIME:   2:30 p.m.<br>CTRM:  5, 17th Floor (via Zoom)<br>JUDGE: Hon. Vince Chhabria |

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Thursday, June 9, 2022, at 2:30 p.m., or as soon thereafter as the matter may be heard via Zoom before the Honorable Vince Chhabria, Eric Nunez will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order appointing Mr. Nunez as lead plaintiff and approving his selection of Robbins Geller Rudman & Dowd LLP as lead counsel. This Motion is made on the grounds that Mr. Nunez is the most adequate plaintiff to serve as lead plaintiff pursuant to the PSLRA because he has a substantial financial interest in the relief sought by the putative class, satisfies the Rule 23 requirements, and selected qualified and experienced counsel to serve as lead counsel for the putative class.

**MEMORANDUM OF LAW**

## I.   INTRODUCTION

The complaint filed in this case alleges claims against defendants for violations of the Securities Exchange Act of 1934 ("1934 Act") on behalf of all investors who purchased or otherwise acquired Affirm Holdings, Inc. ("Affirm" or the "Company") securities on February 10, 2022 after the Company sent a Tweet concerning its Second Quarter 2022 financial results at approximately 1:15 p.m. EST (the "Class Period"). *See* ECF 1 at ¶1. In securities class actions like this, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Mr. Nunez should be appointed as lead plaintiff because he timely filed this Motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Nunez's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of the putative class.

I.  **STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should appoint Mr. Nunez as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2. Whether the Court should approve Mr. Nunez's selection of Robbins Geller as lead counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

II. **STATEMENT OF FACTS**

The Complaint alleges that Affirm is a next generation platform for digital and mobile-first commerce that represents itself as "a more flexible and transparent alternative to credit cards." ECF 1 at ¶2. Through its platform, the Company offers buy now, pay later ("BNPL") services to consumers. *Id.*

At approximately 1:15 p.m. on February 10, 2022, Affirm issued a Tweet from its official account in which the Company disclosed certain metrics from its second quarter 2022 financial results. The Tweet, which was published before the Company's planned release of its financial results, portrayed a highly successful quarter, which included a 77% increase in revenue. The Complaint alleges that the Tweet caused Affirm's share price to spike nearly 10% in intra-day trading. *Id.* at ¶3.

The Complaint further alleges that the Tweet was materially misleading because it omitted the full details of Affirm's second quarter financial results and caused investors to believe that the Company had performed better than it actually did. *Id.* at ¶4, ¶20. Indeed, the Company subsequently deleted the Tweet and released its full second quarter financial results ahead of schedule. *Id.* at ¶5. The full financial results were lackluster, with the Company posting a loss of $0.57 per share, compared with analyst expectations of $0.37 per share. *Id.* On this news, Affirm's share price declined from an intra-day high of $83.57 per share on February 10, 2022, to close at $58.68 per share, or approximately 32%. *Id*. at ¶6, ¶22.

Based on these allegations, the Complaint brings the action on behalf of "a class of all persons and entities who purchased or otherwise acquired Affirm securities on February 10, 2022

after the Company's Tweet concerning its second quarter 2022 financial results at approximately 1:15 p.m." *Id.* at ¶24.

## III. ARGUMENT

### A. Mr. Nunez Is the Most Adequate Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on February 28, 2022, via *Globe Newswire*. *See* ECF 8-1.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Mr. Nunez meets each of these requirements and should be appointed as Lead Plaintiff.

#### 1. This Motion Is Timely

The statutory notice published on February 28, 2022, in connection with the filing of the action advised class members of the pendency of the action, the claims asserted therein, the proposed class, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by April 29, 2022. *See* ECF 8-1. Because this Motion is being filed on April 29th, it is timely and Mr. Nunez is entitled to be considered for appointment as lead plaintiff.

### 2. Mr. Nunez Has a Substantial Financial Interest in the Relief Sought by the Class

Mr. Nunez purchased 10,478 Affirm shares at $78.50 on February 10, 2022 after the Company's Tweet concerning its second quarter 2022 financial results at approximately 1:15 p.m. EST, and suffered a loss of approximately $406,000 on those shares. *See* Declaration of Danielle S. Myers in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Exs. A, B.[1]

### 3. Mr. Nunez Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4).

Like all class members, Mr. Nunez purchased Affirm stock after the Company's Tweet at approximately 1:15 p.m. EST and suffered losses as a result of defendants' alleged wrongdoing. In addition, Mr. Nunez has submitted a Certification confirming his willingness and ability to serve as lead plaintiff. *See* Myers Decl., Ex. A; Civil L.R. 3-7(b). Mr. Nunez's substantial financial interest

---

[1] While Mr. Nunez's Certification identifies all Affirm shares purchased and sold on February 10, 2022, only the shares purchased after 1:15 p.m. EST (*i.e.*, the 10,478 shares bought at $78.50) are included in his financial interest.

indicates he has the requisite incentive to vigorously represent the class's claims. Accordingly, the Court should find that Mr. Nunez has made a *prima facie* showing of typicality and adequacy.

### B. The Court Should Approve Mr. Nunez's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"); *Cavanaugh*, 306 F.3d at 732-35. Mr. Nunez has selected Robbins Geller as lead counsel in this case.[2]

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation. Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, ECF No. 383 (N.D. Cal. Sept 24, 2018) (finalizing the $125 million settlement Robbins Geller achieved – a settlement that ranked among the top ten largest securities recoveries ever in the Northern District of California); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 3:15-md-02672-CRB (N.D. Cal) (Robbins Geller partner Paul J. Geller appointed to serve on Plaintiffs' Steering Committee in what was to be the largest consumer auto industry class action settlement in U.S. history); *In re Facebook Biometric Info. Privacy Litig*, 2021 WL 757025, at *1 (N.D. Cal. Feb. 26, 2021) (approving largest all cash privacy settlement obtained by Robbins Geller and co-counsel, finding that "[b]y any measure, the $650 million settlement in this biometric privacy class action is a landmark result"); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.)

---

[2] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

(commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

As a result, the interests of the class would be well represented were the Court to approve Mr. Nunez's selection of counsel.

## IV. CONCLUSION

Mr. Nunez has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Nunez respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller as Lead Counsel.

DATED: April 29, 2022        Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ


            s/ Danielle S. Myers
          DANIELLE S. MYERS

---

[3] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

            655 West Broadway, Suite 1900
            San Diego, CA  92101
            Telephone:  619/231-1058
            619/231-7423 (fax)
            dmyers@rgrdlaw.com
            jcaringal@rgrdlaw.com
            malbert@rgrdlaw.com
            jsanchez@rgrdlaw.com

            ROBBINS GELLER RUDMAN
              & DOWD LLP
            SHAWN A. WILLIAMS
            Post Montgomery Center
            One Montgomery Street, Suite 1800
            San Francisco, CA  94104
            Telephone:  415/288-4545
            415/288-4534 (fax)
            shawnw@rgrdlaw.com

            Proposed Lead Counsel for Proposed Lead
            Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 29, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

  s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dmyers@rgrdlaw.com

4884-9552-3358.v1

# Mailing Information for a Case 3:22-cv-01243-VC Toole v. Affirm Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Michael D. Celio**
  MCelio@gibsondunn.com,cblock@gibsondunn.com

- **Monica K. Loseman**
  mloseman@gibsondunn.com

- **Jayvan E Mitchell**
  jmitchell@gibsondunn.com

- **Sophia Marie Rios**
  srios@bm.net,jgionnette@bm.net

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Jacob Allen Walker**
  jake@blockleviton.com,jacob-walker-5598@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`