MICHAEL D. CELIO, SBN 197998
mcelio@gibsondunn.com
JAYVAN E. MITCHELL, SBN 322007
jmitchell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:   650.849.5333

MONICA K. LOSEMAN, SBN 309370
mloseman@gibsondunn.com
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: 303.298.5700
Facsimile:   303.298.5907

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TOOLE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFIRM HOLDINGS, INC., and MAX LEVCHIN,<br><br>Defendants. | CASE NO. 3:22-cv-01243-VC<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>*[Civil L.R. 3-12, 7-11]*<br><br>Judge Vince Chhabria<br>Courtroom 5, 17th Floor<br><br>CASE NO. 3:22-cv-02507-MMC<br><br>**PROPOSED CASE TO BE RELATED**<br><br>Assigned to: Judge Maxine M. Chesney<br>Courtroom 7, 19th Floor |

DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:22-CV-01243-VC & CASE NO. 3:22-CV-2507-MMC

Pursuant to Civil Local Rule 3-12 and 7-11, Defendants Affirm Holdings, Inc. and Max Levchin ("Defendants") submit this administrative motion to consider whether the action *Vallieres v. Levchin et al.*, No. 3:22-cv-2507-MMC, filed in this District on April 25, 2022, should be related to *Toole v. Affirm Holdings, Inc.,* No. 3:22-cv-01243-VC.  Under Civil Local Rule 3-12(b), a party that "knows" or "believes" that an action may be "related to another action which is or was pending in this District . . . must promptly file" an administrative motion that includes: "(1) The title and case number of each apparently related case" and "(2) A brief statement of the relationship of the action according to the criteria set forth in Civil L.R. 3-12(a)."  Civ. L.R. 3-12(b), (d).  "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).

*Vallieres* raises factual and legal claims that are based on the same alleged misstatements that underlie the *Toole* action—information about certain aspects of Affirm's financial results for the second quarter of fiscal year 2022 in a "Tweet" posted on February 10, 2022, at 1:15 p.m. EST.  Plaintiffs in both actions claim that Affirm shareholders suffered losses as a result of the decline in Affirm's stock price when Affirm subsequently released its full second quarter financial results, which allegedly revealed that Affirm had performed worse than reflected in the Tweet.  Two of the named defendants in *Vallieres* (Affirm and Levchin) are also named defendants in *Toole*.  Given the overlap of the allegations underlying both actions and the common defendants, relating *Vallieres* to *Toole* will avoid inconsistent results and promote judicial economy, thereby making it appropriate for the Court to deem the actions related and to reassign *Vallieres* to this Court.

As required by Local Rule 7-11, Defendants' counsel contacted Mr. Vallieres' counsel on May 18, 2022, to ask for Plaintiff's position on this motion.  (Loseman Decl. ¶ 2.)  On May 24, 2022, Mr. Vallieres' counsel stated that they do not intend to oppose this motion.  (Loseman Decl. ¶ 3.)  The parties

Gibson, Dunn & Crutcher LLP

2

have also agreed to file a joint stipulation to temporarily stay *Vallieres* pending final adjudication of Defendants' forthcoming motion to dismiss the *Toole* action.

### I. STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

**A.    Both Actions Involve Overlapping Factual Allegations and Common Defendants.**

Just as in *Toole*, the plaintiff in *Vallieres* alleges that Affirm made misstatements about certain aspects of its financial results for the second quarter of fiscal year 2022 in a "Tweet" posted on February 10, 2022, at 1:15 p.m. EST.  Plaintiffs in both actions also allege that shareholders were damaged as a result of the decline in Affirm's stock that allegedly resulted from the subsequent release of Affirm's full second quarter financial results, which allegedly contradicted the information in the Tweet.  In addition, Defendants Affirm and Levchin are named defendants in both actions.  These similarities weigh in favor of relating the cases.

**B.    Relating These Actions Would Avoid Inconsistent Results and Promote Judicial Economy.**

In light of the apparent overlap between the actions, reassigning *Vallieres* to this Court because it is related to *Toole* will avoid inconsistent results and promote judicial economy.  Among other things, this Court is familiar with the factual allegations underlying both actions as a result of the pending motions to appoint lead plaintiff and counsel in the *Toole* matter.  Having a different judge preside over *Vallieres* would result in the "unduly burdensome duplication of labor and expense" resulting from two judges familiarizing themselves with these common factual allegations.  Civil L.R.  3-12(a)(2). Additionally, relating the actions will minimize the risk of "conflicting rulings" on numerous issues that this Court will address at the pleading stage.  Accordingly, because adjudication of *Vallieres* by a different judge will create an unduly burdensome duplication of labor, generate unneeded expenses, and may lead to conflicting results, reassignment of *Vallieres* to this Court will conserve judicial resources and lead to a more efficient determination of the actions.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:22-CV-01243-VC & CASE NO. 3:22-CV-2507-MMC

## II. CONCLUSION

For the reasons stated above, Defendants Affirm and Levchin respectfully request that the Court grants this unopposed administrative motion and relate *Vallieres* to the *Toole* action and reassign *Vallieres* to this Court.


Dated:  May 26, 2022


                                        Respectfully Submitted,


                                        By:   /s/ *Michael D. Celio*
                                              Michael D. Celio
                                              mcelio@gibsondunn.com
                                              Jayvan E. Mitchell
                                              jmitchell@gibsondunn.com
                                              GIBSON, DUNN & CRUTCHER LLP
                                              1881 Page Mill Road
                                              Palo Alto, CA  94304-1211
                                              Telephone:      650.849.5300
                                              Facsimile:      650.849.5333

                                              Monica K. Loseman
                                              mloseman@gibsondunn.com
                                              1801 California Street, Suite 4200
                                              Denver, CO 80202-2642
                                              Telephone:      303.298.5700
                                              Facsimile:      303.298.5907


                                              *Attorneys for Defendants*

Gibson, Dunn & Crutcher LLP

4

DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:22-CV-01243-VC & CASE NO. 3:22-CV-2507-MMC

**CERTIFICATE OF SERVICE**

I, Michael D. Celio, hereby certify that, on May 26, 2022, I electronically filed DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to counsel of record.

/s/ Michael D. Celio
Michael D. Celio

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED
CASE NO. 3:22-CV-01243-VC & CASE NO. 3:22-CV-2507-MMC